IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DEREK V LIPSCOMB,

        Petitioner,

v.                                                      CASE NO. 1:07-cv-151-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Petition stems from Petitioner's

Alachua County jury-trial conviction for second degree murder, for which he received a

410-month sentence.  Respondent has filed a response and appendix with relevant

portions of the state-court record, and Petitioner filed a reply.  Docs. 27, 29.  Upon due

consideration of the Petition, the Response, the Reply, and the state-court record, the

undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

Petitioner was charged by information with the second degree murder of Jose

Rosario.  Petitioner was tried by juries four times on the charge.  The first two trials

resulted in deadlocked juries, a mistrial was declared in the third trial due to a witness'

volunteering that Petitioner was "a known drug dealer," and Petitioner was convicted

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

following the fourth trial.  Petitioner was represented by counsel John Stokes in three of the four trials, including the final trial that resulted in a conviction.

The evidence presented by the State at the fourth trial focused on the testimony of three witnesses to the crime.   According to the testimony, Petitioner's girlfriend, Chanarel Freeman, confronted Petitioner regarding Petitioner's other relationships. Their argument turned into a physical altercation, and Rosario attempted to intervene. Ms. Freeman testified that Petitioner retrieved a gun from behind a fire barrel and shot Rosario several times at close range, killing him.  Two other witnesses testified that they saw Petitioner shoot Rosario.  However, the murder weapon was never recovered and there was no physical evidence linking Petitioner to a gun.  Respondent's Appendix Exhibit ("App. Exh.") B, H.

Petitioner, through different counsel, appealed his conviction, asserting four grounds for relief: (1) that the trial court erred in excluding evidence linking another person at the crime scene to a handgun of the same caliber as that used to kill Rosario; (2) that the trial court erred in admitting evidence of a photo lineup in which Petitioner was depicted wearing a prison smock; (3) that the trial court abused its discretion in giving a supplemental jury instruction after the jury submitted questions indicating confusion as to the evidentiary value of depositions; and (4) that the cumulative effect of such trial court errors, coupled with the State's "weak" case, resulted in prejudice so substantial that Petitioner was denied a fair trial.  The First DCA affirmed *per curiam* without opinion.  *Id*. Exh. H.

Petitioner filed a *pro se* postconviction motion pursuant to Fla. R. Crim. P. 3.50, raising five claims of ineffective assistance of counsel and a claim that his sentence was

imposed in violation of *Apprendi* and *Blakely*.[2]   The trial court summarily denied some of

the claims, appointed counsel for Petitioner, and held an evidentiary hearing on the

remaining claims, including Petitioner's claim that his trial counsel rendered ineffective

assistance for not objecting when the trial court failed to read the "introduction to

homicide jury instruction followed by the definitions of justifiable and excusable

homicide," when instructing the jury on second degree murder.  *Id*. Exh. H. at 16-21.

The trial court instructed the jury on the definitions of justifiable and excusable homicide

when instructing the jury on manslaughter, but not in connection with the second degree

murder instruction.  *Id.* Exh. C. at 208-10.

   At the evidentiary hearing, Petitioner's trial counsel, John Stokes, testified that

"[i]dentity was a singular[ ] and primary issue of the case."  *Id*. Exh. I at 349.  Counsel

testified that he understood that the justifiable and excusable homicide instruction

should be read after every homicide instruction, and that "it may have been an oversight"

not to call the error to the trial court's attention.  Counsel agreed, however, that his

defense of Petitioner was not based on justifiable or excusable homicide, but was based

on the defense that Petitioner did not shoot Rosario.  *Id*. at 354-55.  Counsel testified

that "my primary focus in this case was identification and reasonable doubt.  No question

about that."  *Id*. at 356.  Following the hearing, the postconviction court concluded that:

> Mr. Stokes testified extensively as to trial strategy and the
> focus of [Petitioner's] defense.  The defense in all three trials
> in which Mr. Stokes represented [Petitioner] was *identity*.  It
> was not the defense position that it was manslaughter vs.
> second degree murder, rather the defense was predicated

---

   [2]*Blakely v. Washington*, 542 U.S. 296 (2004)*; Apprendi v. New Jersey*, 530 U.S.
466 (2000).

> upon *identity*. . . . In short, Mr. Stokes says, the defendant
> simply wasn't the person who killed the victim. . . . Based
> upon the defense being identity and reasonable doubt, and
> with that being the defense through the 3 trials conducted by
> Mr. Stokes for [Petitioner], this Court finds that Mr. Stokes
> *was not ineffective* for failure to object to the missing portion
> of the instruction complained of by the [Petitioner].

*Id*. Exh. H at 50-51.

Petitioner appealed and was appointed counsel.  Petitioner's appellate counsel raised only the above issue for appeal.  *Id*. Exh. J.  The First DCA affirmed *per curiam* without opinion.  *Id*. Exh. M.

Petitioner then filed the instant Petition, which Respondent concedes is timely. As grounds for relief, Petitioner reasserts all but one of the ineffective-assistance claims raised in his Rule 3.850 motion (Doc. 1, Grounds 1-4), and also reasserts the four claims of trial-court evidentiary errors that were raised in his direct appeal (Doc. 1, Grounds 5-8).  Respondent argues that the claims raised in Petitioner's direct appeal are not exhausted for purposes of federal habeas review because they were not raised as federal claims before the state court, and that such claims are now procedurally barred. Respondent further argues that because Petitioner's postconviction appellate counsel raised only the jury-instruction claim on appeal, Petitioner's remaining postconviction ineffective-assistance claims are unexhausted and procedurally barred.   Doc. 27.  As to the one ineffective-assistance claim that is properly exhausted, Respondent argues that Petitioner is not entitled to relief on the merits.  In his reply, Petitioner argues that his claims on direct appeal were "fairly presented" to the state court for purposes of federal habeas review, that he can establish cause and prejudice for the procedural default of his postconviction ineffective-assistance claims, and that the state court's rejection of his

ineffective-assistance claim stemming from the jury-instruction error was contrary to

*Strickland v. Washington*, 466 U.S. 668 (1984).

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all

state court remedies that are available for challenging his conviction, either on direct

appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion

requires that prisoners give the state courts a "full and fair opportunity" to resolve all

federal constitutional claims by "invoking one complete round of the State's established

appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The

requirement that a federal habeas corpus petitioner exhaust available state court

remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents"

his claim in each appropriate state court, alerting that court to the federal nature of the

claim.  28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A

petitioner must "do more than scatter some makeshift needles in the haystack of the

state court record"; a reasonable reader should be able to understand the factual and

legal bases for the claim.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir.2005)

(quotations and citations omitted).  A petitioner may raise a federal claim in state court

"by citing in conjunction with the claim the federal source of law on which he relies or a

case deciding such claim on federal grounds, or by simply labeling the claim 'federal.' "

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

When a petitioner fails to properly exhaust a federal claim in state court, and it is

obvious that the unexhausted claim would now be procedurally barred under state law,

the claim is procedurally defaulted.  *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir.

1999).  Federal habeas courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the failure to

properly present the claim and actual prejudice from the default, or (2) that a

fundamental miscarriage of justice would result if the claim were not considered.  *Id*.  at

1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation

has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*,

592 F.3d 1144, 1157 (11ᵗʰ Cir. 2010).  To state a credible claim of actual innocence, a

petitioner must present new reliable evidence that was not presented at trial showing

that "it is more likely than not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A review of the Petitioner's brief on direct appeal supports a conclusion that no

federal constitutional claims were fairly presented to the state court.  Petitioner raised

two substantive claims of evidentiary error on direct appeal.  In support of each claim,

Petitioner cited state cases holding that a trial court's evidentiary rulings are reviewable

only for abuse of discretion, and cited the Florida Evidence Code and state cases on the

issue of relevancy.  *See* App. Exh. D.  Petitioner also challenged a supplemental jury

instruction given by the trial court regarding the evidentiary value of depositions, and in

support of that claim cited state cases holding that whether to give supplemental jury

instructions is within the trial court's discretion.  *Id*.  The brief is devoid of any suggestion

that Petitioner intended to raise federal constitutional claims as to the challenged rulings.

In his fourth appellate claim, Petitioner made a catch-all argument that the three

alleged errors cumulatively rendered the trial unfair.  Petitioner cited the Sixth and

Fourteenth Amendments of the U.S. Constitution, as well as the Florida Constitution, but

his argument focused exclusively on state court cases.  *See id*.  Inasmuch as the three

asserted errors were not premised on federal constitutional violations, the passing

reference to the U.S. Constitution in connection with the cumulative error claim, without

any discussion or analysis of federal constitutional principles, is insufficient to amount to

fair presentation for exhaustion purposes.  *See McNair,* 416 F.3d at 1303-04 (one

citation to federal case, and passing citation to federal constitutional provisions in closing

paragraph of brief, are the types of "needles in the haystack" that are insufficient to

satisfy the exhaustion requirement); *Baldwin*, 541 U.S. at 32 (claim is not "fairly

presented" if the state court "must read beyond a petition or a brief ... in order to find

material" that alerts it to the presence of a federal claim).

On the basis of this record, the Court concludes that Petitioner's claims alleging

erroneous trial court rulings were not exhausted as federal constitutional claims in the

state courts.  Because Petitioner clearly would be barred from now pursuing these

claims in state court, they are procedurally defaulted and foreclosed from federal review

absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner makes no claim that he can show cause and prejudice for the default of these

claims, and there is nothing in the record that suggests that a fundamental miscarriage

of justice would result if the Court does not consider the claims.

Respondent further argues that all but one of Petitioner's ineffective-assistance

claims are unexhausted because they were not presented in his counseled appeal from

the denial of his Rule. 3.850 motion.  Petitioner argues that he can establish cause for

the default because he asked his postconviction appellate counsel to include them in his

appeal, but counsel refused.   Petitioner submitted copies of correspondence from

counsel in which she explained that in her judgment the denial of Petitioner's other

grounds in his Rule 3.850 motion provided no basis for an appeal, and that she could

not in good faith include the other issues in the appeal.  *See* Doc. 29.

It is well established that there is no constitutional right to an attorney in state

postconviction proceedings; therefore, a petitioner cannot claim constitutionally

ineffective assistance of counsel in such proceedings as cause for a procedural default.

*See Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991); *Maples v. Allen*, 586 F.3d

879, 891 (11ᵗʰ Cir. 2009) (citations omitted).   There is nothing in the record that reflects

that Petitioner made any independent effort to present his other claims to the appellate

court, such as by seeking leave to file a *pro se* brief.[3]   On this record, the Court

concludes that Petitioner has failed to show "cause and prejudice" sufficient to overcome

the procedural bar, and there is nothing in the record that suggests that a fundamental

miscarriage of justice would result if the Court does not consider the claims.

Accordingly, the Court will address only the one ineffective-assistance claim in the

instant Petition that Petitioner exhausted in the state court by way of his Rule 3.850

motion and appeal.

## Section 2254 Standard of Review

For properly exhausted claims, there are limitations on the scope of this Court's

review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's

application for a writ of habeas corpus based on a claim already adjudicated on the

---

[3]Even if such leave had been denied, a court on habeas review could find that such effort was sufficient to bring the issue before the appellate court for habeas exhaustion purposes.  *See*, *e.g.*, *Stires v. Secretary*, 009 WL 2407748 *8 (M.D. Fla. 2009).

merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ).  Under the "contrary to" clause, a federal

habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

## Ineffective Assistance of Counsel

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland*, is appropriate.   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011).  The

standard is not whether an error was committed, but whether the state court decision is

contrary to or an unreasonable application of federal law that has been clearly

established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1).  As the

Supreme Court explained, error alone is not enough, because "[f]or purposes of §

2254(d)(1), an unreasonable application of federal law is different from an incorrect

application of federal law."  *Harrington*, 131 S.Ct. at 785 (quotation marks omitted).  And

"even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable."  *Id*. at 786.

　　When faced with an ineffective assistance of counsel claim that was denied on

the merits by the state courts, a federal habeas court "must determine what arguments

or theories supported or, [if none were stated], could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree

that those arguments or theories are inconsistent with the holding in a prior decision of

[the Supreme] Court."  *Id*.  So long as fairminded jurists could disagree about whether

the state court's denial of the claim was inconsistent with an earlier Supreme Court

decision, federal habeas relief must be denied. *Id*.  Stated the other way, only if "there is

no possibility fairminded jurists could disagree that the state court's decision conflicts

with [the Supreme] Court's precedents" may relief be granted.  *Id*.

　　Even without the deference due under § 2254, the *Strickland* standard for judging

the performance of counsel "is a most deferential one."  *Id.*  at 788.  When combined

with the extra layer of deference that § 2254 provides, the result is double deference and

the question becomes whether "there is any reasonable argument that counsel satisfied

Strickland's deferential standard."  *Id*.  Double deference is doubly difficult for a

petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

### Petitioner's Claim

Upon an independent review of the trial record and the state court's disposition of these claims on postconviction review, and mindful of the high degree of deference that is afforded to the state court's assessment of the merits of Petitioner's claims, the Court concludes that Petitioner has presented no basis for federal habeas relief.

To prove ineffective assistance of counsel for failing to object to a jury instruction, the Petitioner must show that the instruction was improper; that a reasonably competent attorney would have objected to the instruction; and that the failure to object was prejudicial. *Daugherty v. Dugger*, 839 F.2d 1426, 1428 (11th Cir.1988) (citing *Strickland*, 466 U.S. at 686-87).  Although the state court did not explicitly say so, it is apparent that Petitioner's claim of ineffective-assistance stemming from the erroneous jury instruction was rejected on *Strickland*'s prejudice prong.  Petitioner's trial counsel conceded that it "might" have been an oversight not to call the error to the court's attention, but in view of the fact that his defense strategy focused on identity, and not whether the homicide was justifiable or excusable, there is no reasonable probability that, absent the error, the jury would have had a reasonable doubt respecting Petitioner's guilt.  *See Strickland*, 466 U.S. at 695.  There is thus no reasonable argument that Petitioner's counsel satisfied *Strickland's* deferential standard.  *See Harrington*, 131 S.Ct. at 788.  Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for

a Writ of Habeas Corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be

**DENIED**.

IN CHAMBERS  this 20th day of June 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.