IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEREK V LIPSCOMB,

    Petitioner,

v.                                          CASE NO. 1:07-cv-00151-MP-GRJ

JAMES R MCDONOUGH, WALTER MCNEIL,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 40, Report and Recommendation of the Magistrate Judge, which recommends that the § 2254 petition for writ of habeas corpus filed by Derek V. Lipscomb be denied and that a certificate of appealability be denied. Following "an independent review of the trial record and the state court's disposition of the[] claims on postconviction review," while keeping in mind "the high degree of deference that is afforded to the state court's assessment of the merits of petitioner's claims," the Magistrate Judge concluded that petitioner failed to present any basis for federal habeas relief. Doc. 40. Petitioner timely objected to the Magistrate Judge's Report and Recommendation. The Court reviews objected-to material *de novo*.

Petitioner first objected to the Magistrate Judge's determination that his claims presented on direct appeal "were not exhausted as federal constitutional claims in the state courts." Doc. 40. In support of this contention, Petitioner noted that "appellate counsel . . . stat[ed] 'a criminal defendant is entitled to a fair trial before an impartial judge and jury,' U.S. Const amends. VI, XIV," in the appellate brief, and that this reference to the Constitution satisfied the exhaustion

requirement that mandates that prisoners give the state court a "full and fair opportunity" to resolve all federal constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(b). This assessment is incorrect. As the Eleventh Circuit Court of Appeals has explained,

> [T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.

*Kelley v. Secretary for Dept. of Corrections*, 377 F.3d 1317, 1345 (11th Cir. 2004) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). Petitioner's passing reference to the Constitution does not satisfy this standard. This argument has no merit.

Petitioner next argues that even if he failed to satisfy 28 U.S.C. § 2254(b)'s exhaustion requirement, "he has shown prejudice and can show cause because a state official prevented [him] from having his claims reviewed by Appellate Court." Doc. 1. However, as the Magistrate Judege quite clearly explained in the Report and Recommendation, "[i]t is well established that there is no constitutional right to an attorney in state postconviction proceedings; therefore, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings as cause for a procedural default." *See Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991); *Maples v. Allen*, 586 F.3d 879, 891 (11th Cir. 2009) (citations omitted). In addition, "there is nothing in the record that reflects that Petitioner made any independent effort to present his other claims to the appellate court, such as by seeking leave to file a *pro se* brief." Accordingly, petitioner cannot in fact show cause or prejudice and his second argument consequently lacks all legal support and is rejected.

In his third argument, petitioner contends that the Magistrate Judge improperly rejected

his only ineffective-assistance claim that was properly exhausted in the state court.  Petitioner argues that "a reasonable competent attorney would have objected" when the trial court omitted a portion of the jury instructions, and that if such an objection was made, "there's reasonable probability that . . . the jury would have reasonable doubt towards Petitioner's guilt."  Doc. 1.  But again, as the Magistrate Judge explained with explicit detail,  "a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Doc. 40 (citing  28 U.S.C. § 2254(d)(2)).  On top of this, § 2254(e)(1) requires more.  Section 2254(e)(1) presumes that all factual determinations made by the state court are correct and that a petitioner bears the burden "of rebutting the presumption of correctness by clear and convincing evidence."  Petitioner has failed to show that the state court reached an unreasonable decision and failed to rebut the presumption of correctness.  His third argument is thus summarily dismissed.

In Petitioner's fourth and final argument he disputes the Magistrate Judge's determination that whatever error petitioner's trial counsel committed, it did not rise to level of satisfying *Strickland*'s deferential standard.  As the Magistrate Judge explained, "it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."  Doc. 40.  As the Magistrate Judge properly concluded, this is not one of them.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.     The Report and Recommendation of the Magistrate Judge, Doc. 40, is

ACCEPTED and incorporated herein.

2. Petition for writ of habeas corpus, Doc.1, is DENIED with prejudice.

3. Certificate of Appealability is DENIED pursuant to § 2254 Rule 11(a).

**DONE AND ORDERED** this  *21st* day of September, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge